UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
08-CV-1355(JMR/FLN)


James L. Redman           )
                          )
     v.                   )     ORDER
                          )
Barry J. Sinex            )


Plaintiff asks the Court to grant summary judgment in his favor and dismiss defendant's counterclaims. His motions are granted.

I. Background[1]

Plaintiff, James Redman, and defendant, Barry Sinex, met as neighbors in 1993 and grew to be close friends. Defendant invented aircraft maintenance software, and founded Sinex Aviation Technologies Co. ("SATC") to market his products. At some point in the 1990s, plaintiff invested $200,000 in SATC stock.

In October 2001, plaintiff lent defendant $300,000 to build a house. The loan was evidenced by a promissory note, under which defendant was to pay monthly interest, and repay the principal by October 2004. (See Declaration of J. Scott Andresen, Exhibit A.) Both the note and a contemporaneous written Memorandum Loan and Disbursement Agreement, expressly permitted defendant to pay plaintiff with SATC stock, which plaintiff recognized as

---

[1] The facts are largely undisputed. Any facts in dispute are taken in the light most favorable to the non-movant. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986).

speculative. (Andresen Decl., Ex. B, ¶¶ 6-8.)

Over several years, while the parties remained friends, they largely ignored the loan agreement. Defendant did not make interest payments; plaintiff did not demand them. In 2002, plaintiff lent defendant an additional $110,000. In 2004, shortly before the note was due, defendant paid plaintiff $30,000 in accrued interest. October 2004 came and went. Defendant did not repay the principal. Instead, in early 2005, he executed a second promissory note for $430,000, reflecting the combined total of both loans and unpaid interest. This note was backdated to December 21, 2004.

The second note states it was given "in complete satisfaction and in replacement" of the first note and Memorandum Loan and Disbursement Agreement, and it "replaces and supplants all obligations" of defendant to plaintiff. (See Andresen Decl. Ex. C.) This note required defendant to again make monthly interest payments, with the balance "payable on demand." This note did not, however, permit payment in SATC stock, instead requiring payment in "lawful money of the United States of America." (Id.)

In late 2004, defendant left SATC to start Sinex Solutions, Inc. ("SSI"). Between 2004 and 2007, he worked to get SSI off the ground, and appears to have been moderately successful in doing so. Meanwhile, SATC stock declined, becoming virtually worthless.

Between 2004 and 2007, defendant made six payments to

plaintiff totaling $216,000. On September 14, 2007, plaintiff demanded repayment of the balance. When defendant made no further payments, this lawsuit ensued.

Defendant counterclaims, arguing the second note was part of a larger transaction. He claims this larger transaction was based on an oral agreement under which plaintiff would not collect on the second note, but would instead transfer it to Sinex Investments LLC ("SILLC"), another company owned by defendant. SILLC held defendant's SATC stock. Defendant further claims that, in consideration of this agreement, he orally promised plaintiff a 10% ownership interest in SILLC, which would be - according to defendant - equivalent to a 15% ownership interest in SATC. Defendant's counterclaim ultimately alleges plaintiff failed to fulfill his obligations under the oral agreement.

Plaintiff moves for summary judgment.

II. Analysis

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See Anderson, 477 U.S. at

3

248-49.

The parties agree Minnesota law governs what is essentially a contract dispute. Accordingly, the Court begins with the second note, and must ascertain and give effect to the intention of the parties as expressed in the language thereof. See Grimes v. Toensing, 277 N.W. 236, 238 (Minn. 1938). The interpretation of an unambiguous written contract is a question of law. Valspar Refinish, Inc. v. Gaylord's, Inc., 764 N.W.2d 359, 364 (Minn. 2009).

The note's plain language reflects defendant's promise to pay plaintiff $430,000 in U.S. currency, plus 5% interest. It further states it is "payable on demand," and defendant will be liable for collection costs if he does not pay within 60 days of demand. This language is clear and unambiguous. "A promissory note payable on demand, unless something written upon the face thereof shows a contrary intention, is to be treated as due immediately." Fljozdal v. Johnson, 248 N.W. 215, 215 (Minn. 1933). The parties do not dispute plaintiff's demand for full payment, nor do they dispute it remains unpaid. Therefore, under the unambiguous terms of the parties' written agreement, plaintiff is entitled to judgment as a matter of law for the outstanding sums, plus costs of collection.

Defendant, however, asks the Court to put the note into the context of a larger oral transaction. He claims plaintiff's repudiation of the oral agreement relieves him of the obligation to

repay the loan. The Court considers whether evidence of this oral transaction creates a question of fact for a jury.

The general rule in Minnesota is that "the writing is the contract, not merely the evidence thereof." Karger v. Wangerin, 40 N.W.2d 846, 849 (Minn. 1950). Where the parties "have reduced their contract to writing, the contract may not be proved by prior or contemporaneous utterances or writings" which are "entirely immaterial for the purpose of determining what the terms of the contract are." Id. at 114. Although known as the "parol evidence rule," this doctrine is not a rule of evidence, but of substantive law. Id. at 114-15.

Defendant's defenses rest on the theory that the note is part of a larger oral agreement. If parol evidence may be used to prove that larger agreement, then there may be an issue of fact for the jury as to whether defendant has a defense to repayment. If not, there is no issue of fact, and plaintiff is entitled to summary judgment.

The parol evidence rule bars the maker of a promissory note from showing an agreement contrary to its terms. Northwestern State Bank of Luverne v. Gangestad, 289 N.W.2d 449, 452 (Minn. 1979). For example, if promissory notes are payable on demand, parol evidence is not admissible to prove they "were to be payable only at a certain time or after a certain event or that the notes were only to be paid with certain funds." Id.; see also Merchants'

5

Natl. Bank of Detroit v. Bryngelson, 199 N.W. 905, 905 (Minn. 1924).

Defendant responds by pointing to recognized exceptions under which parol evidence may be considered for limited purposes. One such exception allows parol evidence to prove the writing never took effect. Parol evidence may be received to show that, "notwithstanding the existence of a written contract, it was the intention of the parties that the contract should not become operative except upon the happening of some future event." See Jansen v. Herman, 230 N.W.2d 460, 463 (Minn. 1975).

By way of example, where the execution of a promissory note is consideration for an oral transaction, and the oral transaction does not occur, parol evidence may be received to prove the failure of a condition precedent to the note's taking effect. See, e.g., Drovers' Cattle, Loan & Inv. Co. v. McGraw, 184 N.W. 365, 366 (Minn. 1921) (promissory note intended to become effective only if maker failed to perform agreement to raise and sell cattle); Germania Bank of Minneapolis v. Osborne, 83 N.W. 1084, 1085 (Minn. 1900) (promissory note intended to become effective only if maker did not return shares of stock); Smith v. Mussetter, 59 N.W. 995, 995-96 (Minn. 1894). "In order to admit parol evidence, the condition precedent must prevent any contract, not a condition subsequent which avoids or changes a contract actually made." Hogan v. Church of St. Anne of Le Sueur, 53 N.W.2d 449, 452-53

6

(Minn. 1952). Thus, parol evidence may be admitted to show that "when delivered, the note was not a contract at all." Towle-Jamieson Inv. Co. v. Brannan, 205 N.W. 699, 700 (Minn. 1925). A similar defense is permitted under the Uniform Commercial Code. See Minn. Stat. § 336.3-105(b) (2008).

A related exception arises when the written agreement is incomplete. Where the parties do not intend the writing to embody the entire agreement between them, "parol evidence can be used to prove the existence of a separate consistent oral agreement." Alpha Real Estate Co. v. Delta Dental Plan, 664 N.W.2d 303, 312 (Minn. 2003). However, "the written agreement may not be disputed as to the matters covered by it." Independent Harvester Co. v. Malzohn, 179 N.W. 727, 727 (Minn. 1920). In such a case, the maker of a promissory note may use parol evidence to prove the note was made as part of an oral contract for employment, id., or an oral sale of farm equipment, see Gammon v. Ganfield, 44 N.W. 125, 125 (Minn. 1890). Again, a similar defense is permitted under the Uniform Commercial Code. See Minn. Stat. § 336.3-117 (2008).

The Court finds neither exception applies here. The second note took effect and clearly reflects the parties' complete agreement as to repayment of the loan. Proof of this is seen where, over three years, defendant paid more than $200,000 on the loan. Neither the terms of the note, nor the alleged oral agreement, conditions the note on the occurrence of any other

event. Defendant is not seeking to prove the note was given as security for property he has returned, or was consideration for a transaction which never occurred. Rather, he claims plaintiff agreed to forbear collection in exchange for stock. There is no dispute the note became operative.

The note also reflects the parties' intent that it be complete respecting the loan. The face of the note states it is in "complete satisfaction and in replacement" of, and also "replaces and supplants" defendant's obligations to plaintiff under the previous note and loan agreement. The Court considers this language to be in the nature of a merger clause, showing the parties' intent that the second note integrate all prior and contemporaneous agreements. See Alpha Real Estate, 664 N.W.2d at 312.

Even if the Court looked beyond the note's terms, the alleged oral agreement would remain inadmissible to prove the existence of a larger agreement. Evidence of an oral agreement may supplement a written contract only if it: (1) is collateral in form; (2) is "one the parties would not ordinarily be expected to embody in the writing," or is not "so clearly connected with the principal transaction as to be part and parcel of it," and (3) does not contradict express or implied provisions of the written contract. See Taylor v. More, 263 N.W. 537, 539-40 (Minn. 1935). The Court finds defendant has failed to produce evidence from which a

reasonable jury could find these conditions have been satisfied.

The purported oral agreement is certainly not collateral. A "collateral agreement" is independent of the written contract. Black's Law Dictionary 279 (8th ed. 2004). Where the two agreements "relate to the same subject matter and are so interrelated that both would be executed at the same time and in the same contract," they are not collateral as a matter of law. Taylor, 263 N.W. at 540. In Taylor, the parties agreed in writing that defendants would buy shares of plaintiff's stock at an agreed price, below par value. Plaintiff later claimed defendants orally agreed to purchase the stock at par. As the principal purpose of the transaction was a stock sale, the Minnesota Supreme Court held that a higher price would have been embodied in the written contract. Id. Accordingly, the agreement was not collateral, and could not be proved by parol evidence.

So it is here. The oral agreement posited by defendant deals with exactly the same subject matter as the second note: whether, when, and how defendant was to repay plaintiff. This is precisely the type of agreement the parties would be expected to make part of the second note. It is, therefore, not collateral.

Further, the claimed oral agreement directly contradicts the note's terms. For example, where it states it is "payable on demand," defendant claims an oral agreement under which the note would not be repaid at all. This would be an absolute departure

9

from the terms of the note, which may not be proven by parol evidence. Hogan, 53 N.W. at 452.

Similarly, where the note explicitly calls for payment "in lawful money of the United States of America," the oral agreement purports to allow defendant to satisfy his obligation by paying with stock. The parties' earlier agreement may have allowed this, but the second note explicitly does not. Thus, the claimed oral agreement not only contradicts the express terms of the note, it also reads into the note a term the parties clearly knew how to include - but did not.

The contradictions cannot be reconciled. Defendant seeks to offer oral testimony to show the obligation established by the note he has signed is payable at a different time, and in a different way, than stated in the note. Minnesota law bars consideration of such evidence by way of parol. See Gangestad, 289 N.W.2d at 452; Bryngelson, 199 N.W. at 905; Fljozdal, 248 N.W. at 216; Samuel H. Chute Co. v. Latta, 142 N.W. 1048, 1049 (Minn. 1913).

Because the parties' written agreement is clear and unambiguous, and because consideration of the oral agreement is barred by the parol evidence rule, the Court rejects defendant's proffered evidence, and finds the second note conclusively controls. There is, therefore, no evidence creating a question of fact for the jury as to any defense to repayment. Plaintiff is entitled to judgment as a matter of law.

III. Conclusion

For the foregoing reasons, IT IS ORDERED that plaintiff's amended motion for summary judgment [Docket No. 30] is granted. Plaintiff is awarded $214,000, plus interest. Defendant's counterclaims are dismissed on the merits.

Plaintiff's motion for attorney's fees is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 22, 2009

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States District Judge